DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@kgelegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 09578
E-mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association;<br><br>Plaintiff,<br><br>vs.<br><br>PLATINUM REALTY AND HOLDINGS LLC, a Nevada limited-liability company; SFR INVESTMENTS POOL1, LLC, a Nevada limited-liability company, SPRING MOUNTAIN RANCH MASTER ASSOCIATION, a Nevada non-profit corporation; NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation company;<br><br>Defendants.| Case No. 2:15-cv-802-LDG-CWH<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF CERTIFIED QUESTION BEFORE THE NEVADA SUPREME COURT**<br><br>**(First Request)** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national banking association; BARBARA J. FORFA, an individual,<br><br>Counter-Defendant/Cross-Defendant. | |

Pursuant to LR IA 6-2 and LR 7-1, Defendant/Counterclaimant/Cross-Claimant, SFR INVESTMENTS POOL 1, LLC ("SFR"), Plaintiff/Counter-defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), and Defendant SPRING MOUNTAIN RANCH MASTER ASSOCIATION (the "Association") (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby submit the following Stipulation and Order Staying Case Pending Resolution of Certified Question Before the Nevada Supreme Court:

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's foreclosure sale conducted on a Property pursuant to NRS Chapter 116.

2. On August 12, 2016, the Ninth Circuit issued its decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016) ("*Bourne Valley*") holding that NRS Chapter 116 is facially unconstitutional.

3. Competing motions for summary judgment were filed by each of the parties to this litigation in early 2016. [ECF No.'s 41, 46, 63].

4. A Stipulation and Order to Stay Litigation Pending Final Resolution of Petition(s) for Writ of Certiorari to United States Supreme Court was previously entered in this case on March 10, 2017. [ECF No. 77].

5. Ao Order administratively denying all pending motions without prejudice [ECF No.'s 41, 46, 63 and 67] was entered on March 10, 2017, providing that, after the stay was lifted, the parties could, by notice to the Court, reinstate their respective motions. [ECF No. 78].

6. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev. 2017) ("*Saticoy Bay*"), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution. The Nevada Supreme Court further concluded in *Saticoy Bay* that since due process was not implicated and it "need not determine whether NRS 116.3116 et seq. incorporates the notice requirements set forth in NRS 107.090," thereby requiring notice to subordinate mortgage lenders. *Saticoy Bay*, 388 P.3d at 974.

7. The Nevada Supreme Court's decision in *Saticoy Bay* contradicts the *Bourne Valley* court's conclusions and creates a split in authority between the state and federal courts on the same issue.

8. Accordingly, on April 26, 2017, a certified a question was presented to the Nevada Supreme Court regarding NRS 116's notice requirement. *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41].

9. Specifically, the certified question presented is as follows: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice?"

10. The Nevada Supreme Court issued an Order accepting the certified question on June 13, 2017. *See* Nevada Supreme Court, Case No. 72931. Briefing in that matter is currently completed and the matter has been submitted for disposition without oral argument.

11. An answer to this certified question will have an impact on the briefing of dispositive motions in this case.

12. An Order lifting the stay in this matter was entered by this Court on April 12, 2018. [ECF No. 83].

13. Due to the amount of time that has passed since the filing of the original motions for summary judgment in March 2016, additional briefing in the form of new dispositive motions will need to be filed in this matter. However, so as to avoid having to do additional briefing once again when the certified question is answered by the Nevada Supreme Court, the parties herein have agreed to stay the case pending final resolution of the certified question before the Nevada Supreme Court.

14. The parties believe that the stay requested herein is appropriate.

15. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be affected by the Nevada Supreme Court's decision on the certified question. Indeed, the parties will be enable to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the certified question is resolved. Thus, a stay will benefit all parties involved herein and the Court.

b. <u>Hardship or Inequity</u>: The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

c. <u>Orderly Course of Justice</u>: At the center of this case is a homeowners association's foreclosure sale under NRS 116. The outcome of the certified question before the Nevada Supreme Court has the potential cure the conflict between Nevada's courts. Without a stay, the parties will expend resources briefing dispositive motions based on current case law that may change once the Nevada Supreme Court responds to the certified question.. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the need for moving forward without resolution of the certified question.

16. IT IS HEREBY AGREED AND STIPULATED that all proceedings in the instant case, including motion and other litigation deadlines, are stayed pending final resolution of the proceedings before the Nevada Supreme Court concerning the certified question. The Parties believe a stay of the matter to be appropriate to conserve judicial resources, and have entered in this agreement in good faith and not for purposes of delay.

17. Any party may file a written motion to lift stay at any time for any reason the party determines to be appropriate.

\>\>\>

\>\>\>

\>\>\>

\>\>\>

18. The parties shall, within 45 days of final resolution of the proceedings concerning the certified question before the Nevada Supreme Court, submit a joint status report and renewed discovery plan and scheduling order for the Court's approval pursuant to local rules.

DATED this 2nd day of May, 2018.

**KIM GILBERT EBRON**

/s/ Diana S. Ebron
DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
*Attorney for SFR Investments Pool 1, LLC*

DATED this 2nd day of May, 2018.

**SNELL & WILMER L.L.P.**

/s/ Wayne Klomp
WAYNE KLOMP, ESQ.
Nevada Bar No. 10109
AMY F. SORENSON, ESQ.
Nevada Bar No. 12495
50 W. Liberty Street, Suite 510
Reno, Nevada 89501
*Attorney for Wells Fargo Bank, N.A.*

DATED this 2nd day of May, 2018.

**LEACH JOHNSON SONG & GRUCHOW**

/s/ T. Chase Pittsenbarger
SEAN L. ANDERSON, ESQ.
Nevada Bar No. 7259
T. CHASE PITTSENBARGER, ESQ.
Nevada Bar No. 13740
8945 W. Russell Road, Suite 330
Las Vegas, Nevada 89148
*Attorney for Spring Mountain Ranch Master Association*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

DATED: 8 MAY 2018

Respectfully submitted by:

KIM GILBERT EBRON

/s/ Diana S. Ebron
DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for SFR Investments Pool 1, LLC*

- 5 -