# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

PLATINUM REALTY AND HOLDINGS LLC, *et al.*,

    Defendants.

---

SFR INVESTMENTS POOL 1, LLC,

    Counterclaimaint,

v.

WELLS FARGO BANK, N.A.,

    Counterdefendant.

Case No. 2:15-cv-0802-LDG (BNW)

<u>ORDER</u>

    Defendant Spring Mountain Ranch Association (the HOA) conducted a foreclosure sale of the property underlying this dispute to satisfy its lien. Platinum Realty and Holdings,

LLC,[1] purchased the property, and subsequently transferred it to defendant SFR Investments Pool 1, LLC. The plaintiff, Wells Fargo Bank, N.A., brought this suit seeking a determination that the foreclosure sale was void, that the foreclosure sale did not extinguish its Deed of Trust against the property, and that it has quiet title to the property. SFR filed a counterclaim seeking a determination that the foreclosure sale was valid, that Wells Fargo's interest in the property was extinguished, and that it has quiet title to the property.

These three parties have each filed motions for summary judgment (ECF Nos. 93, 94, 95) and have filed the corresponding responses and replies. Having considered the papers, pleadings and evidence submitted by the parties, the Court finds that the foreclosure sale was conducted properly and holds that SFR is the rightful owner of the property and that Wells Fargo's interest in the property is extinguished. Accordingly, the Court will grant the HOA's and SFR's motions, and deny Wells Fargo's motion for summary judgment.

Background

Barbara Forfa purchased the property at issue in 2004. To finance the purchase, she obtained a loan for $240,000 from World Savings Bank, FSB (Wells Fargo's predecessor-in-interest), which loan was secured with a Deed of Trust against the property.

After Forfa became delinquent on her HOA assessments, the HOA[2] recorded and mailed a Notice of Delinquent Assessment Lien to Forfa. More than 30 days later, the HOA sent recorded a Notice of Default and Election to Sell. More than 90 days later, the

---

[1] Platinum Realty and Holdings was named and served as a defendant, but has not appeared in this litigation.

[2] For ease of reference, the Court has attributed the actions of the HOA directly to the HOA. To be accurate, the Court recognizes that the HOA completed these actions through its agent, Nevada Association Services, Inc., a defendant who has appeared in this action.

HOA mailed a Notice of Foreclosure Sale to Forga and to World Savings Bank, which Notice was also recorded in the Clark County Recorder's office, and published and posted.

Subsequent to the mailing of the Notice of Sale, Wells Fargo sent a letter to the HOA's agent in which it stated, "[i]f you are claiming lien priority over our mortgage and are seeking a court order allowing the proceeds of the sale to be applied to your debt first, please inform the undersigned immediately so that Wells Fargo Bank, NA may take the appropriate action to protect our secured interest in the property." Neither the HOA nor its agent responded to the letter.

As Forfa did not cure the delinquent assessment, the HOA conducted a foreclosure sale on October 12, 2012. Platinum Realty and Holdings purchased the property for $6,000. Wells Fargo notes that, at the time of the foreclosure sale, the value of the property was assessed at $140,000. SFR acquired the property via a Grant Bargain Sale Deed from Platinum and is the current title holder of record.

On January 17, 2014, SFR sued Wells Fargo and Forfa in state court seeking to quiet title in itself. SFR recorded a Lis Pendens on the property. On October 16, 2014, shortly after the Nevada Supreme Court decided *SFR v. U.S. Bank*, SFR voluntarily dismissed its state court suit. On April 29, 2015, Wells Fargo brought the present action asserting the following claims: (1) declaratory relief under Amendment V to the United States Constitution—Takings Clause; (2) declaratory relief under Amendments V and XIV to the United States Constitution—Due Process Clauses; (3) wrongful foreclosure based on various theories including that the sale was commercially unreasonable, which incorporated Plaintiff's constitutional claims; (4) violation of NRS § 116.1113, *et seq.*, (the "Statute"); (5) intentional interference with contract; and (6)[3] quiet title.

---

[3] Wells Fargo designated this as its Seventh Cause of Action, though it failed to state a sixth cause of action.

3

SFR counterclaimed—and cross-claimed against Forfa—for quiet title and declaratory injunctive relief establishing its ownership of the property free and clear of the Deed of Trust.

## Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Analysis

The Court will address the issues raised in Wells Fargo's, SFR's, and the HOA's respective summary judgment motions collectively because they make overlapping arguments and seek rulings on the same issues. SFR argues that it is entitled to summary judgment on its counterclaim for quiet title because the HOA sale extinguished the Deed of

Trust. While the HOA currently claims no ownership interest in the property, it generally argues that the HOA sale complied with the Statute, and argues the Statute is constitutional.

Wells Fargo argues that the foreclosure sale was invalid because the Statute is unconstitutional and, alternatively, that it is entitled to equitable relief. Wells Fargo seeks a declaration that the Deed of Trust continues to encumber the property.

The HOA and SFR also argue they are entitled to summary judgment on Wells Fargo's subsidiary claims. The Court will consider the constitutionality of the Statute governing the foreclosure Sale before turning to Wells Fargo's request for equitable relief, will then address the HOA and SFR's arguments regarding Wells Fargo's subsidiary claims, and will resolve the ownership dispute over the property.

The default rule in this type of litigation is that the foreclosure sale extinguished Wells Fargo's Deed of Trust unless the facts show that Wells Fargo is entitled to relief through one of the limited number of avenues by which Nevada courts have set aside similar homeowners' association foreclosure sales. The Nevada Supreme Court held, in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) that homeowners' association foreclosure sales like the one at issue here extinguish the applicable first deed of trust. That decision remains good law. Thus, the Court begins its analysis from the presumption that SFR owns the property free and clear of the Deed of Trust, unless Wells Fargo can proffer facts showing that the foreclosure sale was invalid by virtue of any of its arguments in its motion for summary judgment. Wells Fargo has failed to do so.

Wells Fargo argues that the extinguishment of its interest in the property through the foreclosure sale constitutes a taking under the Fifth Amendment, rendering the Statute unconstitutional and the foreclosure sale void. SFR and the HOA counter that the Nevada Supreme Court has held that the Statute does not violate the takings clause. The Court

agrees with SFR and the HOA. *Saticoy Bay Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) ("[W]e hold that the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking."). Therefore, the Court will deny Wells Fargo's motion for summary judgment on its first cause of action for declaratory relief claim based on the takings clause.

Wells Fargo argues that the Statute is facially unconstitutional and unconstitutional as applied because it violates Wells Fargo's due process rights, rendering the foreclosure sale void. SFR and the HOA counter that the Statute is constitutional, and does not violate Wells Fargo's due process rights. The Court agrees with SFR and the HOA.

SFR argues that Wells Fargo lacks Article III standing to challenge the Statute on due process grounds because Wells Fargo received actual notice of the foreclosure sale. But in the relevant cases that SFR cites, the plaintiffs challenged the method of notice—not the adequacy of the notice's content. *See Lehner v. United States*, 685 F.2d 1187, 1190 (9th Cir. 1982) (plaintiff argued that oral notice of foreclosure as opposed to written notice violated due process); *Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976) (plaintiff argued that notice provision of criminal forfeiture statute providing solely for notice by publication violated due process); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (no challenge to notice's content). The difference is important because an individual who challenges the method of notice despite receiving actual notice "has clearly been accorded due process in the application of the statute as to him personally." *Wiren*, 542 F.2d at 762. By contrast, Wells Fargo contends it has not personally received due process because the notice required under the Statute (via incorporation of NRS § 107.090) is inadequate. Accordingly, the Court finds SFR's argument unpersuasive.

Wells Fargo argues that the Statute remains unconstitutional because the Statute does not require that the HOA provide any reference to the Deed of Trust. Wells Fargo

7

asserts this is critical because the Statute contemplates a split lien–a super-priority portion which may extinguish prior recorded liens and a sub-priority portion which does not. despite the incorporation of NRS § 107.090 because NRS § 107.090 only requires the notice to state the time and place of the sale. Wells Fargo argues that such notice is inadequate because it does not assert the existence of a superpriority lien, identify its amount, or explain how to satisfy it. SFR counters that notice need only inform the lender of the pending foreclosure to be sufficient. "*Mullane v. Central Hanover Bank & Trust Co.*, [339 U.S. 306 (1950)], and its progeny provide the 'appropriate analytical framework' for considering the adequacy of notice of government action." *Williams v. Mukasey*, 531 F.3d 1040, 1042 (9th Cir. 2008) (citing *Dusenbery v. United States*, 534 U.S. 161, 167-68 (2002)). "Under that framework, 'due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). Due process does not require actual notice. *Jones*, 547 U.S. at 226.

Wells Fargo first argues that the notice required under the Statute is inadequate because it does not require the HOA to indicate that it intends to foreclose on the superpriority lien. But the Statute indicated that the HOA's lien might have superpriority status, as evidenced by the Nevada Supreme Court's decision to that effect in *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014). Moreover, notice must be "reasonably calculated . . . to apprise interested parties of the pendency of the action"—not the precise effect of the action on any particular interest. Accordingly, the Court rejects Wells Fargo's contention that adequate notice required assertion of the existence of a superiority lien and that its Deed of Trust could be extinguished by the foreclosure sale. *See also Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00800-GMN-CWH, 2018 WL 4682334, at *5 (D. Nev. Sept. 28, 2018) (rejecting

mortgage lender's argument that "nothing in the Notices was designed to put it on notice that the Deed of Trust could be extinguished"). The Court thus rejects Plaintiff's due process arguments and will therefore deny Wells Fargo's motion for summary judgment based on the due process clauses of the U.S. Constitution.

Regarding Wells Fargo's claim for wrongful foreclosure, the HOA argues that Wells Fargo cannot prevail because it cannot contest that Forfa was in default at the time of the foreclosure sale. Wells Fargo fails to directly respond to this argument, and instead relies on an unpublished initial decision in *Carrington Mortg. Servs., LLC v. SFR Investments Pool 1, LLC,* Case No. 2:15-cv-1377-JCM-NJK, 2017 WL 537192, at *6 (D. Nev. Feb. 8, 2017). Subsequently, reconsideration of that decision was granted, 2017 WL 2870091, at *4-*5 (D. Nev. July 3, 2017) (reconsidering wrongful foreclosure holding and dismissing plaintiff lender's wrongful foreclosure claim without prejudice), reconsideration denied, 2018 WL 1383812, at *2-*3 (D. Nev. Mar. 19, 2018) (declining to reconsider dismissal of lender's wrongful foreclosure claim). While Wells Fargo may be able to assert a wrongful foreclosure claim under some circumstances, those circumstances do not exist here. The Court thus agrees with the HOA because Wells Fargo has effectively conceded that it cannot establish an element of its claim: that Forfa was not in default. The undisputed evidence presented to the Court shows that Forfa was in default at the time of the foreclosure Sale. Thus, the Court will grant summary judgment in favor of the defendants on Wells Fargo's wrongful foreclosure claim.

SFR and the HOA argue that Wells Fargo has not identified facts to show that the HOA or SFR took actions designed to disrupt any contractual relationship. The Court agrees. Moreover, Wells Fargo's claim seems to be premised on the foreclosure sale having wrongfully extinguished its rights in the Deed of Trust, but the Court's findings do not support this argument. To the contrary, because the foreclosure sale was conducted pursuant to the Statute—which withstands Wells Fargo's constitutional challenges—the

Court remains unpersuaded by Wells Fargo's argument the foreclosure sale was wrongful. The Court will therefore grant summary judgment to SFR and the HOA on Wells Fargo's intentional interference with contract claim.

Wells Fargo further argues that equitable relief is warranted. The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (stating as well that inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression"). Adequacy of sales price aside, Wells Fargo has not demonstrated fraud, unfairness or oppression. Wells Fargo argues that, in addition to the low price paid by Platinum relative to the assessed value of the property, the foreclosure sale was improper for because: (1) none of the lien-enforcement documents provided that the HOA was foreclosing on a superpriority lien; (2) the HOA and its agent failed to respond to Wells Fargo's request for additional information on the priority of the HOA Lien. The first argument fails as the Statute did not require the HOA to notify Wells Fargo that it was foreclosing on the superpriority lien. As to the second argument, neither the HOA nor SFR dispute that the HOA did not respond to Wells Fargo's letter in which it stated that "[i]f you are claiming lien priority over our mortgage and are seeking a court order allowing the proceeds of the sale to be applied to your debt first, please inform the undersigned immediately so that Wells Fargo Bank, NA may take the appropriate action to protect our secured interest in the property." Rather, they point out that Wells Fargo did not, as stated in its argument, "request . . . additional information on the priority of the HOA Lien." Rather, it requested that it be informed if the HOA was "claiming lien priority over our

mortgage <u>and</u> seeking a court order allowing the proceeds to be applied to [the HOA's] debt first." In this case, the HOA was not attempting to obtain a court order allowing it to apply the proceeds of a sale to its debt before being applied to Wells Fargo's interest. Rather, the HOA noticed a non-judicial foreclosure pursuant to the Statute. The Court cannot agree with Wells Fargo that the HOA's failure to inform Wells Fargo that it was seeking a court order (when, in fact, it was not) constitutes fraud, unfairness, or oppression. Thus, the Court declines to exercise its equitable powers to set aside the foreclosure sale.

SFR and Wells Fargo have asserted competing claims to quiet title in the property. In light of the Court's findings that the foreclosure sale extinguished the Deed of Trust encumbering the property, and that neither the arguments nor evidence presented by Wells Fargo have persuaded the Court the foreclosure sale should be set aside, the Court will quiet title in the property in SFR's favor. Accordingly, the Court will grant summary judgment in SFR's favor on its quiet title claim, and deny Wells Fargo summary judgment on its quiet title claim.

When SFR purchased the property, it obtained title of the unit's owner without equity or right of redemption. NRS § 116.31166(2). Forfa did not respond after having been served with the Summons and Cross-claim by SFR. SFR filed a motion for default. (CM/ECF No. 91). Thus, Forfa's interest in the Property was extinguished. Based on the foregoing, the Court holds that SFR is entitled to summary judgment against Forfa.

As discussed above, the Court has rejected Wells Fargo's challenges to the constitutionality of the Statute and the validity of the foreclosure sale. The Court thus grants summary judgment in favor of SFR and the HOA on each of Wells Fargo's claims against them because the HOA Sale was valid and extinguished Wells Fargo's interest in the property. Platinum Realty and Holdings acquired title to the property pursuant to the foreclosure sale free and clear of the Deed of Trust, and transferred the property to SFR.

The Court will, however, deny SFR's second counterclaim for preliminary and permanent injunction "as the Court follows the well-settled rule that a claim for injunctive relief standing alone is not a cause of action." *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-00800,2018 WL 4682334, at *5 (D. Nev. Sept. 28, 2018) (citations omitted).

The Court notes that the parties have made several arguments and cited to several cases not discussed above. The Court has reviewed all of the arguments asserted by the parties. They do not, however, affect the outcome of the motions before the Court and they do not warrant discussion.

Therefore, for good cause shown,

THE COURT **ORDERS** that Wells Fargo's motion for summary judgment (CM/ECF No. 94) is DENIED.

THE COURT FURTHER **ORDERS** that Spring Mountain Ranch Association's motion for summary judgment (CM/ECF No. 93) is GRANTED.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1's motion for summary judgment (CM/ECF No. 95) is DENIED in part as to SFR's second counterclaim for preliminary and permanent injunction, which is dismissed, and is otherwise GRANTED.

THE COURT FURTHER **ORDERS** that the Deed of Trust was extinguished when Spring Mountain Ranch Association foreclosed its superpriority lien, thus rendering Wells Fargo's interest in the Deed of Trust invalid.

THE COURT FURTHER **ORDERS** that Barbara Forfa no longer has any interest in the property.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1 owns the property free and clear of the Deed of Trust.

THE COURT FURTHER **ORDERS** that the Clerk of the Court enter judgment in favor of SFR Investments Pool 1 and Spring Mountain Ranch Association in accordance with this order.

DATED this __23__ day of September, 2019.

_____
Lloyd D. George
United States District Judge

13